IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 4, 2005 Session

## YVONNE N. ROBERTSON v. TENNESSEE BOARD OF SOCIAL WORKER CERTIFICATION AND LICENSURE, ET AL.

Appeal from the Chancery Court for Davidson County
No. 02-2869-II     Carol McCoy, Chancellor

----

No. M2004-00647-COA-R3-CV - Filed November 15, 2005

----

PATRICIA J. COTTRELL, J., dissenting.

There is no question the Board could sanction Ms. Robertson for her undisputed violation of the ethical rules of conduct. While the severity of the sanction may appear disproportionate to the violation itself in view of all the circumstances, courts will generally refrain from reviewing the relation of a sanction to the violation, as long as it is within the range of authorized sanctions.

The problem in this case, however, is the appearance that the severity of the sanction was not based solely on the violation at issue or on a past history of violations. The Board had discretion to sanction Ms. Robertson for her violation of the code of conduct, but the exercise of that discretion is subject to review under the arbitrary and capricious standard. If the Board imposed this "most severe form of disciplinary action", Tenn. Comp. R. and Regs. 1365-1-.15(e), on the basis of irrelevant and prejudicial material, its decision was arbitrary and capricious.

The Board admits in its brief that it considered its 1997 order "as one factor in determining what discipline to impose." It argues that past breaches of ethical conduct are relevant as are Ms. Robertson's prior assurances she would act ethically. Alternatively, the Board argues that consideration of its own prior order, if error, was harmless, citing Tenn. Code Ann. § 4-5-322(i), which precludes reversal of an agency decision "unless for errors which affect the merits of such decision."

The record shows that the Board's experience with Ms. Robertson prior to and upon her licensure, including her conviction, was introduced into these proceedings, first as part of the allegations of fact in the Notice of Charges. While the Board argues it could lawfully consider its prior order, that argument evades the issue of the content of the Notice of Charges as well as how the Board used that information. In relevant part, the Notice stated:

Petitioner applied to the Board for licensure as a Licensed Clinical Social Worker (LCSW), pursuant to T.C.A. § 63-23-103 on or about June 27, 1996. Prior to

application for licensure as an LCSW, the petitioner had been certified by the Board as a Master Social Worker (MSW) since October 4, 1994.

In 1996 petitioner's application for LCSW licensure was denied, apparently based upon a 1982 felony conviction. Petitioner appealed the denial of licensure to the Board and prevailed, obtaining licensure in 1997.

In deciding on the appropriate sanction for Ms. Robertson, Board members discussed this past history, with the Chair even noting that Ms. Robertson had been before the Board in the past. Of particular note, the Chair referred to the Board's prior order granting Ms. Robertson's license wherein she agreed to uphold the standards of social work and stated she had "again" admitted she violated those standards. Another member noted this was the "second time" and that it had only been a year (presumably from the initial licensure to the dual relationship infraction). In her closing argument at the hearing before the Board, the State's attorney stated, "it [is] the position of the State that the first hearing in 1997 should be Ms. Robertson's last second chance."

Consequently, I think the determinative question in this appeal is whether the Board could use Ms. Robertson's pre-licensure conduct as a factor to enhance the sanction for post-licensing violation of the code of conduct, since the record clearly indicates it did so and since the Board argues it was entitled to take her pre-licensure conduct into consideration. Essentially, the Board argues that it was entitled to consider Ms. Robertson's 1982 conviction because it was also a violation of ethical standards. However, the relevance of an almost twenty-year old conviction for embezzlement to the offense of allowing a dual relationship, or establishing a friendship, with a client is not explained, and I see none. Additionally, while the Board argues that her earlier assurances that she would follow ethical standards when she was licensed was relevant, it fails to explain how Ms. Robertson's assurances were different from the assurances of any other licensee. Instead, it implies that Ms. Robertson was placed on some "double secret probation" whereby any violation by her would be dealt with more harshly.

The administrative rule authorizing the Board to impose sanctions for violations of its rules provides that the Board may impose any of the listed sanctions, or any combination of them, "deemed appropriate to the offense." Tenn. Comp. R. & Regs. 1365-1-.15(1). While the severe sanction imposed may have been deemed appropriate to the offense Ms. Robertson committed, there is simply no way a court can determine that because the Board considered pre-licensure conduct unrelated to the offense. Consequently, I would affirm the trial court's judgment.

 

 

_____
PATRICIA J. COTTRELL, JUDGE

-2-